Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 444-0883

Attorneys for Plaintiff, REGINA AGNES BEARDSLEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA AGNES BEARDSLEY, <br><br> PLAINTIFF, <br> v. <br><br> COUNTY OF SAN BERNARDINO, a county corporation; SAN BERNARDINO SHERIFF'S DEPARTMENT, a county agency; SHERIFF SHANNON D. DICUS, in his official capacity, DETECTIVE A. ALFARO, individually and in his official capacity; DEPUTY C. BRANDT, individually and in his official capacity; and DOES 1-10; <br><br> DEFENDANTS. | CASE NO.: 5:25-cv-3063 <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY / INJUNCTIVE RELIEF <br><br> 1. Unreasonable Search and Seizure (42 U.S.C. § 1983) <br> 2. Excessive Force (42 U.S.C. § 1983) <br> 3. Municipal and Supervisory Liability (Monell, 42 U.S.C. § 1983) <br> 4. Bane Act, Cal. Civ. Code § 52.1 <br> 5. Assault <br> 6. Battery <br> 7. Negligence <br> 8. Trespass to Land <br> 9. Conversion <br> 10. Intentional Infliction of Emotional Distress (IIED) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Regina Agnes Beardsley alleges:

MICHAEL DEVEREUX, ESQ.

# I. INTRODUCTION

1. This civil rights action arises from an armed law enforcement raid on May 17, 2024, at Plaintiff's home in Hesperia, California, conducted pursuant to a warrant issued May 13, 2024, during which officers fired shots into the residence, shattered windows and personal memorials, forcibly removed Plaintiff—an elderly woman—from her home, and detained her outside for hours.

## II. JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action arises under 42 U.S.C. § 1983.

3. The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391 because the events occurred in San Bernardino County within this District and Defendants reside or are found here.

## III. PARTIES

5. Plaintiff Regina Agnes Beardsley is an 87-year-old resident of Hesperia, California, and the owner/occupant of 15570 Smoketree Street, where the incident occurred.

6. Defendant County of San Bernardino ("County") is a public entity and county corporation organized under the laws of the State of California. The County is

capable of being sued and is responsible for the policies, practices, supervision, training, and discipline of its law enforcement personnel. Liability of the County arises under 42 U.S.C. § 1983 for constitutional violations caused by its official policies, customs, or practices, and under California law for torts and other state-law claims.

7. Defendant San Bernardino County Sheriff's Department ("Department") is a county law enforcement agency and administrative subdivision of San Bernardino County. The Sheriff's Department acts under color of state law and implements the County's law enforcement policies. While named as a defendant to highlight institutional responsibility, it is not a separate legal entity from the County for purposes of liability under state or federal law.

8. Defendant Sheriff Shannon D. Dicus ("Sheriff") was the Sheriff of San Bernardino County at the time of the May 17, 2024 incident. He is named solely in his official capacity to ensure clarity regarding institutional authority over Sheriff's Department policies, practices, and procedures. No personal-capacity claims are asserted against him.

9. Defendant Detective A. Alfaro ("Alfaro") was the affiant and serving officer for Search Warrant No. 000144270 and acted under color of state law. He is named in both his individual and official capacities.

10. Defendant Deputy C. Brandt (Emp. No. F8534) ("Brandt") participated in the warrant service and acted under color of state law. He is named in both his individual and official capacities.

11. Does 1-10 are unknown Sheriff's Department personnel and supervisors whose identities are presently unknown; they acted under color of state law.

### IV. ADMINISTRATIVE CLAIMS AND LATE-CLAIM REQUEST

12. On May 14, 2025, Plaintiff submitted to the County of San Bernardino a Government Tort Claim and an Application for Leave to Present a Late Claim arising from the May 17, 2024 incident.

13. The May 14, 2025 Application for Leave to Present a Late Claim invoked California Government Code section 911.4 and sought leave based on excusable neglect and extraordinary circumstances related to Plaintiff's trauma and health impacts.

14. Plaintiff's May 14, 2025 Government Tort Claim described the incident, identified the County and Sheriff's Department, and asserted constitutional and state-law violations; the amount of damages was stated as undetermined but not less than five million dollars ($5,000,000).

15. Plaintiff requests that this Court grant leave to file any state-law claims late to the extent required, based on the County's notice and the grounds stated in her May 14, 2025 late-claim application.

## V. FACTUAL ALLEGATIONS

16. A San Bernardino County Sheriff's Department SWAT team executed Search Warrant No. 000144270 at Plaintiff's home on May 17, 2024.

17. The warrant was issued on May 13, 2024, by a San Bernardino County Superior Court Judge.

18. The warrant targeted alleged stolen comic books, magazines, collectibles, and narcotics.

19. The underlying information for the warrant included a false statement by a witness who misrepresented her identity, resulting in erroneous information supporting the warrant and raid.

20. During the execution, officers fired multiple shots into Plaintiff's home, shattering the front double-paned window, striking and damaging her late husband's Marine Corps photograph and awards, and endangering Plaintiff as a bullet passed approximately one inch from her face.

21. Officers forcibly removed Plaintiff from her home, yanking her by the arm, leaving bruising for two weeks, and detained her outside for approximately 2-3 hours while more than a dozen officers searched the home.

22. Plaintiff's home security cameras were shot out and cords cut; locks to two sheds were cut; shed doors and windows were broken; and belongings and keepsakes were strewn about the yard.

23. Plaintiff's four dogs were confined to a small bathroom, frightened and soiled, and officers refused assistance returning them, telling Plaintiff to "Get your own damn dogs."

24. Officers questioned Plaintiff regarding her son Aaron's whereabouts; despite ankle-monitor information available earlier that day, officers did not verify he was away from the property before initiating the raid.

25. No comic books were found at the property, and a related criminal case was later dropped by the San Bernardino County Superior Court.

26. Plaintiff, a senior with diabetes, high blood pressure, high cholesterol, and significant heart disease with stents, suffered exacerbation of medical conditions, emotional distress, and anxiety, requiring additional care.

27. The Sheriff's Department left a search warrant receipt identifying the location, date of service, items sought, serving officer, and witnessing officer.

## VI.  DAMAGES SUMMARY

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial damages, including:

   a. Compensatory damages for physical injury, emotional distress, mental anguish, pain and suffering, medical expenses, property damage, and economic losses;

   b. Punitive damages against individual Defendants for their reckless, malicious, and oppressive conduct;

   c. Statutory damages authorized under Cal. Civ. Code § 52.1, 42 U.S.C. § 1983, and other applicable law;

   d. Such other and further damages as may be proven at trial; Plaintiff's total damages are undetermined but not less than five million dollars ($5,000,000) and will be established according to proof at trial.

## VII.  CAUSES OF ACTION

### First Cause of Action

**Unreasonable Search and Seizure (42 U.S.C. § 1983)**
(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

29. Plaintiff realleges paragraphs 1-28.

30. Defendants conducted an unreasonable search and seizure by initiating and executing a raid based on erroneous and false information, failing to verify readily available facts, and entering and searching in a manner that was not reasonable under the circumstances.

31. Defendants fired shots into the home and seized Plaintiff's person by forcibly removing and detaining her outside for hours, without lawful necessity or proportionality.

32. Damages: Plaintiff seeks compensatory damages, including for physical injury, property damage, and emotional distress; punitive damages against individual defendants; and all other legal damages permitted.

## Second Cause of Action

**Excessive Force  (42 U.S.C. § 1983)**

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

33. Plaintiff realleges paragraphs 1-32.

34. Defendants used excessive force by firing into the residence and by yanking and manhandling Plaintiff, an elderly woman, causing bruising and injury, when less intrusive alternatives were available.

35. Damages: Plaintiff seeks compensatory damages for physical injuries and emotional distress, and punitive damages against individual defendants.

### Third Cause of Action

### Municipal and Supervisory Liability (Monell, 42 U.S.C. § 1983)

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

36. Plaintiff realleges paragraphs 1-35.

37. The violations were caused by Defendants' policies, customs, or practices, including reliance on unverified and false witness statements, inadequate verification of suspect location before dynamic entry, and tolerance of unnecessary use of force during warrant service.

38. Damages: Plaintiff seeks compensatory damages against the municipal defendants and all other legal damages permitted.

### Fourth Cause of Action

### Bane Act, Cal. Civ. Code § 52.1

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

39. Plaintiff realleges paragraphs 1-38.

40. Defendants, through threats, intimidation, and coercion—including armed show of force, firing into the home, and physical manhandling—interfered with Plaintiff's rights under the United States and California Constitutions.

41. Damages: Plaintiff seeks compensatory damages, statutory damages, and punitive damages against the individual defendants.

### Fifth Cause of Action

### Assault

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

42. Plaintiff realleges paragraphs 1-41.

43. By firing into the residence and pointing weapons during the raid, Defendants placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact, including a bullet passing within approximately one inch of her face.

44. Damages: Plaintiff seeks general and special damages, including emotional distress.

## Sixth Cause of Action

## Battery

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

45. Plaintiff realleges paragraphs 1-44.

46. Defendants intentionally used harmful or offensive touching by grabbing and yanking Plaintiff from her home, causing bruising and injury.

47. Damages: Plaintiff seeks general and special damages, including for physical injury and pain and suffering.

## Seventh Cause of Action

## Negligence

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

48. Plaintiff realleges paragraphs 1-47.

49. Defendants breached duties of reasonable care in planning, approving, and executing the raid, including by relying on false identity information, failing to verify suspect location, using unnecessary force, and causing foreseeable harm.

50. Damages: Plaintiff seeks all compensatory damages proximately caused, including medical expenses, property damage, and emotional distress.

## Eighth Cause of Action

## Trespass to Land

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

51. Plaintiff realleges paragraphs 1-50.

52. Defendants intentionally entered Plaintiff's property and exceeded any lawful scope by firing into the home, destroying fixtures, breaking into sheds, and remaining for an unreasonable time and manner.

53. Damages: Plaintiff seeks compensatory damages for damage to real property and loss of use.

## Ninth Cause of Action

## Conversion

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

54. Plaintiff realleges paragraphs 1-53.

55. Defendants substantially interfered with Plaintiff's personal property, including memorial items, security equipment, and belongings in the sheds, by damaging, destroying, or exercising dominion inconsistent with Plaintiff's rights.

56. Damages: Plaintiff seeks the value of converted/damaged property and consequential damages.

### Tenth Cause of Action

Intentional Infliction of Emotional Distress (IIED)

(By Plaintiff against County of San Bernardino; San Bernardino County Sheriff's Department; Detective A. Alfaro (individual and official capacity); Deputy C. Brandt (individual and official capacity); Does 1-10)

57. Plaintiff realleges paragraphs 1-56.

58. Defendants' conduct was extreme and outrageous. By executing a raid on Plaintiff's home, firing multiple shots into the residence, forcibly removing and detaining Plaintiff—a frail elderly woman with serious medical

conditions—destroying memorial items, and threatening or intimidating her, Defendants acted with a reckless disregard for her health, safety, and emotional well-being.

59. Defendants' actions were intentional, knowing, and designed to cause, or carried a high probability of causing, severe emotional distress to Plaintiff.

60. As a direct and proximate result, Plaintiff suffered severe emotional distress, including anxiety, depression, trauma, sleep disturbances, fear, and exacerbation of preexisting medical conditions.

61. Defendants' conduct was done with malice and oppression, justifying punitive damages.

62. Plaintiff seeks general and special damages, including for emotional distress, medical expenses, and other relief as the Court deems just.

## VIII. PRAYER FOR RELIEF

63. Plaintiff requests judgment against all Defendants, jointly and severally, as follows:

64. Compensatory damages according to proof, including for physical injury, emotional distress, property damage, and economic losses.

65. Punitive damages against the individual Defendants under 42 U.S.C. § 1983 and state law, as permitted.

66. Statutory damages and attorneys' fees where authorized, including under Cal. Civ. Code § 52.1 and 42 U.S.C. § 1988.

67. Declaratory and injunctive relief, including orders addressing policies and practices related to warrant execution and use of force.

68. Costs of suit and pre- and post-judgment interest as permitted by law.

69. Such other and further relief as the Court deems just and proper.

## IX.   JURY DEMAND

70. Plaintiff demands a trial by jury on all issues so triable.

## X. REQUEST FOR LEAVE TO FILE LATE STATE-LAW CLAIMS

71. Plaintiff respectfully requests leave to file any state-law claims late under California Government Code § 911.4, based on her May 14, 2025 Application for Leave to Present a Late Claim, extraordinary circumstances, excusable neglect, and lack of prejudice to the County.

Dated: November 20, 2025                    Respectfully Submitted,

By: *Michael S. Devereux*

Michael S. Devereux
Attorney for Plaintiff
Regina Agnes Beardsly

15