Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Main: (424) 600-8584
Direct: (424) 444-0883

Eugene P. Ramirez (SBN 134865)
Kayleigh Andersen (SBN 306442)
Manning | Kass
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Main: (213) 624-6900
Fax: (213) 624-6999

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA AGNES BEARDSLEY, <br><br> PLAINTIFF, <br> v. <br><br> COUNTY OF SAN BERNARDINO, a county corporation; et al; <br><br> DEFENDANTS. | CASE NO.: 5:25-cv-3063-RGK-AS <br><br> **JOINT RULE 26(f) REPORT** |

**I. STATEMENT OF THE CASE**

    This is a civil rights action arising from the execution of a search warrant at Plaintiff's residence on May 17, 2024. Plaintiff asserts claims under 42 U.S.C. § 1983, including unreasonable search and seizure, excessive force, and municipal liability, as well as related state-law claims.

Defendants deny liability and intend to assert all applicable defenses, including qualified immunity and municipal defenses.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367. The venue is proper in the Central District of California under 28 U.S.C. § 1391.

## III. PARTIES

**Plaintiff:**

Regina Agnes Beardsley

**Defendants:**

County of San Bernardino; San Bernardino County Sheriff's Department; Sheriff Shannon D. Dicus (official capacity); Detective A. Alfaro; Deputy C. Brandt; and Does 1–10.

Plaintiff anticipates amending the complaint to substitute Doe defendants once their identities are ascertained through discovery, and proposes that this be reflected in the discovery plan.

## IV. RULE 26(a)(1) INITIAL DISCLOSURES

The parties propose to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **fourteen (14) days** of the Rule 26(f) conference.

Plaintiff's initial disclosures will identify Plaintiff, the named deputies, other officers involved in the operation, supervisors, and medical providers, and will identify categories of documents including body-worn camera footage, reports, dispatch records, and medical and property-damage records.

Defendants will disclose insurance or self-insurance information pursuant to Rule 26(a)(1)(A)(iv).

**V. DISCOVERY PLAN**

**A. Scope and Phasing of Discovery**

Plaintiff proposes **phased discovery**:

- **Phase One:** Discovery relating to the incident itself and individual liability, including body-worn camera footage, reports, dispatch/CAD records, and depositions of involved personnel.

- **Phase Two:** Discovery relating to municipal liability, including policies, training, supervision, and ratification.

Plaintiff believes this approach is efficient and consistent with the Court's management of § 1983 cases.

Defendants reserve their position regarding discovery sequencing. The parties will seek the Court's guidance if necessary.

///

///

**B. Discovery Limits**

The parties propose to use the presumptive discovery limits set forth in the Federal Rules of Civil Procedure.

**C. Electronically Stored Information (ESI)**

The parties discussed preservation and production of ESI. Relevant ESI may include body-worn camera footage, CAD and dispatch records, radio communications, digital photographs and video, and electronic communications. Plaintiff requested confirmation that litigation holds are in place covering these categories. The parties will continue to meet and confer regarding production format and any ESI protocol.

**D. Protective Order**

The parties anticipate the need for a protective order governing confidential law-enforcement and personal information. Plaintiff is amenable to a standard protective order and proposes that the parties submit a stipulated protective order early in the case to avoid disputes.

**VI. PROPOSED SCHEDULING ORDER**

The parties propose the following schedule, working backward from a proposed February 2027 trial date, subject to the Court's availability and preferences:

- Proposed Trial Date: February 2027

  (Estimated length: 5–7 court days)

- Final Pretrial Conference: January 2027

- Hearing on Dispositive Motions: November–December 2026

- Deadline for Dispositive Motions:

  October 2026

- Expert Discovery Cutoff:

  September 2026

- Expert Designations:

    - Initial experts: July 2026

    - Rebuttal experts: August 2026

- Non-Expert Discovery Cutoff:

  June 2026

- Deadline to Amend Pleadings / Add Parties:

  March 2026

  (to allow substitution of Doe defendants identified through discovery)

- Rule 16 Scheduling Conference:

  To be set by the Court

///

**VII. ADR / SETTLEMENT**

The parties discussed alternative dispute resolution. Plaintiff is open to an early settlement conference, potentially after completion of Phase One discovery. The parties discussed the possibility of a magistrate judge settlement conference or private mediation, including participation in the **Rick Copeland mediation panel**, subject to the Court's guidance.

**VIII. OTHER ISSUES**

No other issues are identified at this time.

Dated: January 29, 2026             Respectfully Submitted,


                                    By: *Michael S. Devereux*
                                        Michael S. Devereux
                                        Attorney for Plaintiff
                                        Regina Agnes Beardsley



                                    By: /s/ Kayleigh Anderson
                                        Kayleigh Andersen
                                        Attorney for Defendants