Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
*kayleigh.andersen@manningkass.com*
Kimberly Aceves (State Bar No. 323642)
*kimberly.aceves@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SHERIFF SHANNON D. DICUS, DETECTIVE A. ALFARO, and DEPUTY C. BRANDT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

REGINA AGNES BEARDSLEY,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SHERIFF SHANNON D. DICUS; DETECTIVE A. ALFARO; DEPUTY C. BRANDT; and DOES 1 through 10,

Defendant.

Case No. 5:25-cv-03063-RGK-AS

*[District Judge, R. Gary Klausner, Magistrate Judge, Alka Sagar]*

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Trial Date: 10/20/26

**<u>TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL</u>:**

By and through their counsel of record in this action, defendants COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SHERIFF SHANNON D. DICUS, DETECTIVE A. ALFARO, and DEPUTY C. BRANDT (collectively herein after as "Defendants") – hereby submit the following Memorandum of Contentions of Fact and Law, pursuant to Federal Rule of Civil Procedure 16; United States District Court, Central District of California

Local Rule 16-4 *et seq*.; and the applicable Orders of the Court.

DATED: September 14, 2026

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Kayleigh Andersen
Eugene R. Ramirez
Kayleigh A. Andersen
Kimberly L. Aceves
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SHERIFF SHANNON D. DICUS, DETECTIVE A. ALFARO, and DEPUTY C. BRANDT

MANNING | KASS

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## 1. OVERVIEW OF DEFENDANTS' FACT CONTENTIONS

On or about March 13, 2024, in the course and scope of his employment as a detective with the San Bernardino County Sheriff's Department, Defendant Detective A. Alfaro ("Alfaro") submitted an application for a search warrant, which was duly approved and issued by the Honorable Jerry Johnson of the San Bernardino Superior Court (the "Warrant"). The Warrant authorized a search of the Hesperia, California home of Plaintiff Regina Beardsley, which she shared with her adult son, Aaron Beardsley, the subject of the Warrant. The Warrant authorized nighttime service (service outside normal warrant hours) because Aaron Beardsley was believed to be armed, and investigators needed the ability to execute the Warrant at the optimal time to protect the safety of the other residents, including Plaintiff. The Warrant also authorized the use of SWAT tactics because Aaron Beardsley was believed to be illegally armed with numerous firearms, including rifles.

On March 17, 2024, Defendants and members of the San Bernardino County Sheriff's Department Specialized Enforcement Division ("SED") duly executed the Warrant in good faith and in compliance with its terms and limitations at Regina Beardsley's ("Plaintiff") residence located at 15570 Smoke Tree in Hesperia, California.

During service of the Warrant, SED personnel positioned their vehicles just south of the residence and used the PA system to direct all occupants to exit. After multiple attempts, the deputies received no response. SED operators then used a 40 mm launcher to deploy two less-lethal, 40 mm impact-projectile munitions into the front corner window of the residence to stimulate activity. These tactics were used because Plaintiff refused to exit the residence. After the SED tactic was deployed, Plaintiff exited the home unharmed.

When Plaintiff spoke with the deputies at the scene, she was hostile and stated that she had heard the announcements directing her to exit but did not want to do so.

She yelled at law enforcement and advised the deputies that Aaron had left the residence approximately one hour before their arrival.

As a result of the execution of the Warrant, Defendants and SED were able to locate hypodermic needles; cards and Social Security cards addressed to individuals other than Aaron; six small plastic baggies containing suspected fentanyl; another yellow bag containing suspected fentanyl; new, unused coin-sized plastic baggies; and a small blue digital scale covered with suspected fentanyl residue. Investigators also traced the green SUV on the property to Aaron. Inside the vehicle, investigators found numerous boxes of collector-style baseball cards, bolt cutters, comic books, and magazines.

## 1. OVERVIEW OF DEFENDANTS' CONTENTIONS OF LAW

Defendants' contentions of law (ultimate issue contentions) are as follows:

A. The Deputy Defendants are entitled to judgment on Plaintiff's first claim for Unreasonable Search and Seizure (42 U.S.C. § 1983) due to the undisputed facts that demonstrate that Deputy Defendants acted lawfully and in good faith pursuant to a facially valid search warrant.

B. The use of force by the defendants was objectively reasonable from the perspective of a reasonable peace officer under the totality of the circumstances – so as to require judgment for all defendants for all of plaintiff's operative use of force claims (42 U.S. § 1983 excessive force, and California state law battery and assault, negligence, intentional infliction of emotional distress, and Bane Act violation claims).

C. Defendant County of San Bernardino did not have or maintain an unconstitutional custom, policy, or practice with regard to violating civil rights that was the moving force of any injury to plaintiff, so as to require judgment for any potential 42 U.S.C. § 1983 *Monell* claim.

D. The defendant deputies did not act wrongfully to establish a trespass to land claim due to the Deputy Defendants entering the property pursuant



MANNING | KASS

to a valid warrant, so as to require judgment for plaintiff's Trespass to Land Claim.

E. The defendant Deputies did not act wrongfully in executing a judicially-authorized warrant so as to require judgment for plaintiff's Conversion claim.

F. The defendant deputies did not act with malice, oppression, or in reckless disregard of plaintiff's rights so as to warrant punitive-exemplary damages.

G. The defendant deputies did not act with the specific intent to violate the plaintiff's Fourth Amendment rights to be free from unreasonable seizures, so as to require judgment for plaintiff's *Bane Act* claim.

H. The defendant deputy's use of force did not rise to the level of extreme and outrageous conduct, as the same was objectively reasonable under the totality of the circumstances, so as to require judgment for plaintiff's intentional infliction of emotional distress claim.

I. Defendant County of San Bernardino is entitled to judgment for each of plaintiff's state law claims, as Deputy C. Brandt and Detective A. Alfaro are not liable and there is no basis for respondeat superior liability against the County pursuant to Cal. Gov. Code § 815.2(a).

J. The defendant deputies are entitled to qualified immunity on all federal claims as the law was not clearly established at the time of this incident.

## 2. <u>CLAIMS AND DEFENSES (L.R. 16-4.1)</u>

### A. Plaintiff's Operative Claims

In light of the pertinent pleadings, the following are the operative claims at issue (plaintiffs are pursuing the following claims against the following defendants):

**First Claim for Relief:** A claim for Violation of 42 U.S.C. section 1983: Unreasonable Search and Seizure against All Defendants.

///

MANNING | KASS

**Second Claim for Relief:** A claim for Violation of 42 U.S.C. section 1983: Excessive Force against All Defendants.

**Third Claim for Relief:** A claim for Violation of 42 U.S.C. section 1983: Municipal Liability and Supervisory Liability – Unconstitutional Policy, Practice, or Custom against All Defendants.

**Fourth Claim for Relief:** A claim for Violation of the Bane Act, pursuant to Cal. Civil Code section 52.1 against All Defendants.

**Fifth Claim for Relief:** A claim for Assault against All Defendants.

**Sixth Claim for Relief:** A claim for Battery by Peace Officer against All Defendants.

**Seventh Claim for Relief:** A claim for Negligence against All Defendants.

**Eight Claims for Relief:** A claim for Trespass to Land against All Defendants.

**Ninth Claim for Relief:** A claim for Conversion against All Defendants.

**Tenth Claim for Relief:** A claim for Intentional Infliction of Emotional Distress against All Defendants.

**Prayer:** A claim for Punitive Damages by plaintiff against Defendant Alfaro and Defendant Brandt.

**B. Elements Required to Establish Plaintiff's Operative Claims.**

In addition to other pertinent instructions on the operative law as may be proffered to the Court by one or more of the parties, the following are the essential elements for proving plaintiff's operative claims by a preponderance of the evidence:

**Plaintiff's Unreasonable Search and Seizure Claim (First Claim for Relief).**

1. That defendants Detective A. Alfaro and Deputy C. Brandt searched plaintiff's home and seized the plaintiff's person;
2. That defendants Detective A. Alfaro and Deputy C. Brandt's search and seizure was unreasonable;

///

3. That defendants Detective A. Alfaro and Deputy C. Brandt were acting in the performance of their official duties;

4. That plaintiff was harmed; and

5. That defendants Detective A. Alfaro and Deputy C. Brandt's unreasonable search and seizure was a substantial factor in causing plaintiff's harm.

**Plaintiff's Excessive Force Claim (Second Claim for Relief).**

1. That under the totality of the circumstances from the perspective of a reasonable police officer, while acting under color of law within the course and scope of his duties as sworn deputies employed by the County of San Bernardino, San Bernardino County Sheriff's Deputy C. Brandt and Detective A. Alfaro used unreasonable/excessive force against Plaintiff; and

2. That such unreasonable/excessive force caused Plaintiff's actionable harm.

**Plaintiff's *Monell* and Supervisory Liability Claim (Third Claim for Relief).**

If a constitutional violation is found to have occurred during the incident,

1. That defendants Detective A. Alfaro and Deputy C. Brandt acted according to an expressly adopted policy and/or a widespread or longstanding practice or custom of defendant County of San Bernardino re excessive use of force; and

2. That defendant County of San Bernardino's expressly adopted policy and/or widespread or longstanding practice or custom caused the deprivation of plaintiff's rights; that is, the County of San Bernardino's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury; and





MK MANNING | KASS

**Plaintiff's Claim for Violation of the Bane Act – Cal. Civ. Code § 52.1 (Fourth Claim for Relief).**

1. That Detective A Alfaro and Deputy C. Brandt interfered with or attempted to interfere with Plaintiff's constitutional right to be free from unreasonable seizures, including unreasonable force, by threatening or committing violent acts;
2. That Detective A Alfaro and Deputy C. Brandt acted with the particular purpose of depriving Plaintiff of her enjoyment of the interests protected by that right;
3. That Plaintiff was harmed; and
4. That the conduct of Detective A Alfaro and Deputy C. Brandt was a substantial factor in causing Plaintiff's harm.

**Plaintiff's Assault Claim (Fifth Claim for Relief).**

1. That Detective A Alfaro and Deputy C. Brandt intended to cause the plaintiff harmful or offensive contact with the plaintiff, or intended to cause the plaintiff to reasonably believe that harmful or offensive contact was about to occur;
2. That the plaintiff reasonably believed that defendants Detective A. Alfaro and Deputy C. Brandt was about to carry out the harmful or offensive contact;
3. That defendants Detective A. Alfaro and Deputy C. Brandt did not have the plaintiff's consent for the conduct;
4. That the plaintiff was harmed; and
5. That the defendants Detective A. Alfaro and Deputy C. Brandt's conduct was a substantial factor in causing the plaintiff's harm.

**Plaintiff's Battery by Peace Officer Claim (Sixth Claim for Relief).**

1. That defendants Detective A Alfaro and Deputy C. Brandt touched Plaintiff or caused her to be touched;

2. That defendants Detective A Alfaro and Deputy C. Brandt used unreasonable force to arrest, and/or to overcome the resistance of Plaintiff;

3. That Plaintiff did not consent to the use of that force;

4. That Plaintiff was harmed; and

5. That defendants Deputy Alfred's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

**Plaintiff's Negligence Claim (Seventh Claim for Relief).**

To establish a claim for negligence in use of force, plaintiff must prove all of the following by a preponderance of the evidence:

1. That Detective A Alfaro and Deputy C. Brandt were negligent in using force on Plaintiff; and

2. That the negligence of Detective A Alfaro and Deputy C. Brandt regarding use of force was a substantial factor in causing harm to Plaintiff.

**Plaintiff's Claim for Trespass to Land (Eighth Claim for Relief).**

1. The plaintiff owned, leased, occupied, or controlled the property;

2. That defendants Detective A Alfaro and Deputy C. Brandt intentionally, recklessly, or negligently entered the property, or caused something or someone else to enter;

3. That defendants Detective A Alfaro and Deputy C. Brandt intentionally, recklessly, or negligently entered the property, or caused something or someone else to enter;

4. The plaintiff did not give permission, or that defendant's Detective A Alfaro and Deputy C. Brandt exceeded the scope of permission;

5. The plaintiff was harmed; and

6. The entry or conduct was a substantial factor in causing the harm.

///

///

**Plaintiff's Claim for Conversion (Ninth Claim for Relief).**

1. The plaintiff owned, possessed, or had the right to possess the personal property;
2. That defendants Detective A Alfaro and Deputy C. Brandt substantially interfered with the plaintiff's property by knowingly or intentionally taking possession, preventing access, destroying it, or refusing to return it after demand;
3. The plaintiff did not consent;
4. The plaintiff was harmed; and
5. That defendants Detective A Alfaro and Deputy C. Brandt's conduct was a substantial factor in causing that harm.

**Plaintiff's Claim for Intentional Infliction of Emotional Distress (Tenth Claim for Relief).**

1. That Detective A Alfaro and Deputy C. Brandt's conduct was outrageous;
2. That Detective A Alfaro and Deputy C. Brandt intended to cause Plaintiff emotional distress;
3. That Plaintiff suffered severe emotional distress; and
4. That Detective A Alfaro and Deputy C. Brandt's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

**Plaintiff's Punitive Damages Claim**

1. That Detective A Alfaro and Deputy C. Brandt's conduct during the incident was malicious, oppressive, and/or with reckless disregard for the rights of Plaintiff.

**C. Operative Affirmative Defenses of Defendants and Elements of Proof.**

As to the defenses asserted by Defendants which require affirmative proof by Defendants, the elements of such affirmative defenses are summarized herein below.



MK MANNING | KASS

The supporting evidence will be drawn from Defendants' witnesses to support Defendants' contentions of fact (see above). Nothing herein shall be construed as any withdrawal of Defendants' defenses which do not require affirmative proof by Defendants.

**Waiver, Estoppel, Unclean Hands (Second Affirmative Defense)**

Plaintiff's action is barred by reason of conduct, actions and inactions of plaintiff which amounts to and constitutes a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

**Failure to Mitigate Damages (Third Affirmative Defense)**

Plaintiff had a duty to use reasonable efforts to mitigate damages. To prove a failure to avoid or reduce damages, defendants must prove by a preponderance of the evidence: (1) that Plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated with reasonable efforts.

**Comparative Negligence (Fourth Affirmative Defense)**

Plaintiff had a duty to use reasonable efforts to care for his own safety: a duty they breached by pointing a gun at a law enforcement officer. To prove plaintiff's comparative negligence, defendants must prove by a preponderance of the evidence: (1) that Plaintiff was negligent (ordinary negligence); and (2) that Plaintiff's negligence was a substantial factor cause of his own harm. (The amount of any damages awarded to plaintiff would then be reduced by the court by the percentage of fault apportioned to Plaintiff for his own injuries.)

**Qualified Immunity (Sixth Affirmative Defense)**

Under the doctrine of qualified immunity, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014). The qualified



MANNING | KASS

immunity analysis consists of two prongs: (1) whether the facts the plaintiff alleges make out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020).

**Assumption of the Risk (Seventh Affirmative Defense)**

Plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks associated with such danger, and (3) voluntarily exposed himself to those risks.

**Reservation of Defenses**

Because the operative Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiff's claims, or elements thereof.

**Key Evidence to be Relied Upon by Defendants to Support their Affirmative Defenses.**

Defendants anticipate offering testimonial evidence from the Defendant deputy, San Bernardino County Sheriff's Department personnel, Defendants' experts, and possibly from plaintiff and/or plaintiff's witnesses/experts, as well as related incident recordings and records, to support their comparative liability defense and qualified immunity defense. Defendants anticipate offering testimonial evidence from expert witnesses, Plaintiff and/or Plaintiff's witnesses to support their mitigation defense.

///

## 3. OPERATIVE PLEADINGS

The operative pleadings which raise the issues are: (1) Plaintiff's First Amended Complaint for Damages [Doc.4], and (2) defendants' responsive pleadings thereto [Doc. 17].

### A. Abandoned Claims

None.

## 4. JURY TRIAL

All parties have demanded a jury trial of this action [Doc. 4 and 17]. Accordingly, this matter will be tried by a jury.

## 5. ADMITTED AND STIPULATED FACTS

### A. Admitted Facts.

The following facts are *admitted* by Defendants and require no proof:

1. Defendant Sheriff Shannon D. Dicus was the Sheriff of the San Bernardino County Sheriff's Department at all relevant times.

2. Defendant Detective A. Alfaro was an employee of the San Bernardino County Sheriff's Department at all relevant times.

3. Defendant Deputy C. Brandt was an employee of the San Bernardino County Sheriff's Department at all relevant times.

### B. Stipulated and Uncontroverted Facts.

None.

## 6. EVIDENTIARY AND LEGAL ISSUES (L.R. 16.4-1(g)-(i))

**Third-Party Claims or Counterclaims:** None.

**Anticipated Evidentiary Issues**: The following law and motion matters and motions *in limine* ("MIL") are pending or contemplated.

1. Defendants' MIL No. 1 – Motion to Exclude All Evidence and Witnesses not Disclosed by Plaintiff Prior to the Discovery Cut-Off

a. Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or

reference before the jury, and from admission into evidence, of:

i Actions or conduct of other deputies who are not parties to the case arising from other incidents.

ii. Investigations and related records re Non-Incident uses of force/seizures or other Internal-Affairs type investigations, complaints, or training/discipline involving defendant deputy or any San Bernardino County Sheriff's Department deputies (if any) – including but not limited to any/all non-incident acts.

iii. Officer Performance Evaluations

iv. All specific factual details related to calls involving any of the defendant deputies where such calls occurred either before the incident or after the incident and did not involve Plaintiff

b. Basis:

i. Relevance – FRE 401-402

ii. Improper Character Evidence (Bad Acts, etc.) – FRE 404-406;

iii. Undue Prejudice, Undue Consumption of Time, and Confusion of the Issues - Fed. R. Evid. 403.

iv. Fed. R. Civ. Procedure 26(a) and 37(c).

2. Defendants' MIL No. 2 – Motion to Exclude References to Any Prior or Subsequent Incidents Involving Defendant Deputies, Unrelated Claims, and Unrelated Incidents Involving Other Employees

a. Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

i Actions or conduct of other deputies who are not parties to the case arising from other incidents.

ii. Investigations and related records re Non-Incident uses of force/seizures or other Internal-Affairs type investigations,




MK MANNING | KASS

complaints, or training/discipline involving defendant deputy or any San Bernardino County Sheriff's Department deputies (if any) – including but not limited to any/all non-incident acts.

iii. Officer Performance Evaluations

iv. All specific factual details related to calls involving any of the defendant deputies where such calls occurred either before the incident or after the incident and did not involve Plaintiff

v. All specific factual details related to calls involving any San Bernardino County Sheriff employees and deputies where such calls occurred either before the incident or after the incident and did involve Plaintiff.

b. Basis:

i. Relevance – FRE 401-402

ii. Improper Character Evidence (Bad Acts, etc.) – FRE 404-406;

iii. Undue Prejudice, Undue Consumption of Time, and Confusion of the Issues - Fed. R. Evid. 403.

3. Defendants' MIL No. 3 – Trifurcation of Trial Proceedings re Liability for Compensatory Damages and Punitive Damages Predicate from Punitive Damages Calculation from *Monell* Liability and *Monell* Damages Calculation

4. Defendants' MIL No. 4 – *Daubert* Motion to Exclude Plaintiff's Expert Robert P. Woolverton

a. Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

i. All opinions, evidence, and testimony of plaintiff's proposed police practice expert.

b. Basis:

i. Failure to Comply with Rule 26:

1. Insufficient Rule 26 Initial Expert Disclosures: Woolverton's report does not contain any opinions but rather an outline of anticipated opinion categories based on a cursory review of disclosed materials. Woolverton admitted he did not go through all materials disclosed and needed an additional four weeks.

ii. *Daubert*: Lack of Foundation:

1. Lack of Qualifications: Woolverton lacks the requisite expertise on mental health issues, and any other opinions outside the expert's stated expertise.

2. Insufficient Evidentiary Support: Woolverton formed his report without review of all disclosed materials from defense.

6. **Defendants' Objections to Untimely Disclosed Testimony/Evidence**

Defendants object to all witness testimony, statements, documentary, physical, or other evidence that plaintiff failed to timely or properly disclose prior to the operative discovery deadline(s). *See* Fed. R. Civ. P. 2626(a)(1)(A)(i)-(ii); Fed. R. Civ. P. 37(c); Fed. R. Evid. 403; *English v. D.C.*, 651 F.3d 1, 3 (D.C. Cir. 2011) (concluding that a Fed. R. Civ. P. 26 disclosure violation may subject the undisclosed evidence to Fed. R. Evid. 403 exclusion where the disclosure violation would otherwise affect the moving party's substantial rights at trial); *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (observing, in dicta, that unfair surprise at trial may be a basis for exclusion of witness testimony under Fed. R. Civ. P. 26 and 37 even where it is not a basis for Fed. R. Evid. 403 exclusion); *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (excluding a witness' testimony, even though the identity of the witness was revealed in documents produced by the proponent party, because the manner of the production was such that unusual labor would be required to avoid unfair surprise about the relevance-importance of the witness at trial); *Continental Lab. Prods., Inc. v. Medax Int'l*, 195 F.R.D. 675, 676 (S.D. Cal. 2000).

**Other Law and Motion Matters.** Defendants anticipate filing certain trial brief(s) with the Court on various evidentiary or other issues, including the following:

1. Trial Brief regarding the use of a verdict form set forth by issue rather than by claim.

It is anticipated that plaintiff will file briefs in opposition to the pleadings above that Defendants will file.

## 7. BIFURCATION OF ISSUES FOR TRIAL (L.R. 16-4.3)

Defendants seek trifurcation of the issues of liability re compensatory damages and the factual foundation/predicate for an award of punitive damages (trial phase one) from the calculation of punitive damages against any individual defendant (if any) (trial phase two) from the issues of *Monell* liability and damages calculation (trial phase three).

## 8. ATTORNEY'S FEES (L.R. 16-4.5)

Defendants are entitled to attorneys' fees (and expert fees) for any judgment in Defendants' favor for any claim made by plaintiff pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b)-(c).

Plaintiff is claiming attorneys' fees pursuant to his 42 U.S.C. § 1983 claims. However, plaintiff is *not* entitled to recovery of attorneys' fees here because there is no liability.

## 9. MISCELLANEOUS ISSUES

### A. Electronics in the Courtroom.

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, defendants are requesting that the Court issue an order authorizing the parties and/or their counsel to use certain trial presentation equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including: wireless communication devices such as smartphones (on vibrate or silent ring), laptops, tablet computers, and associated electronic equipment; and/or supporting carts, so as

MANNING | KASS

to facilitate efficient presentation and conduct of the trial – and provided that any voice-calls made by phone are made: (1) outside of the Courtroom while the jury is present; or (2) outside the presence of the jury; and (3) in a manner that is not disruptive to the operations of the Court.

DATED: September 14, 2026 Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Kayleigh Andersen

Eugene R. Ramirez
Kayleigh A. Andersen
Kimberly L. Aceves
Attorneys for Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, SHERIFF SHANNON D. DICUS, DETECTIVE A. ALFARO, and DEPUTY C. BRANDT