UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03063-RGK-AS | Date | 9/18/2026 |
| Title | ***Regina Agnes Beardsley v. County of San Bernardino et al*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion for Summary Judgment [54]**

## I. INTRODUCTION

On November 20, 2025, Plaintiff Regina Agnes Beardsley filed the operative First Amended Complaint against Defendants County of San Bernardino, San Bernardino County Sheriff's Department, Sheriff Shannon D. Dicus, Detective A. Alfaro, and Deputy C. Brandt, alleging ten causes of action: (1) unreasonable search and seizure in violation of the Fourth Amendment of the U.S. Constitution, 42 U.S.C. § 1983; (2) excessive force in violation of the Fourth Amendment of the U.S. Constitution, 42 U.S.C. § 1983; (3) *Monell* liability; (4) violation of the Bane Act, Cal. Civ. Code § 52.1; (5) assault; (6) battery; (7) negligence; (8) trespass to land; (9) conversion; and (10) intentional infliction of emotional distress. (ECF No. 4.)

Presently before the Court is Defendants' Motion for Summary Judgment ("Motion"). (ECF No. 54.) For the following reasons, Defendants' Motion is **GRANTED**.

## II. FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise noted:[1]

On May 13, 2024, the San Bernardino Superior Court issued a warrant to search Plaintiff's and her son Aaron Beardsley's home in Hesperia, California (the "Warrant"). (Gardea Decl., Ex. A, ECF No. 54-4.) The Warrant authorized the use of SWAT personnel and tactics because Mr. Beardsley, who was the subject of the Warrant, was believed to be armed with multiple firearms. (*Id.*)

[1] The parties make numerous objections to the evidence presented in support of and opposition to the Motion. To the extent the Court relies upon evidence to which the parties have objected, the objections are **OVERRULED**. To the extent the Court does not rely upon evidence to which the parties have objected, the objections are **DENIED** as **moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03063-RGK-AS | Date | 9/18/2026 |
| Title | ***Regina Agnes Beardsley v. County of San Bernardino et al*** | | |

The Warrant was executed on May 17, 2024 by Defendant Alfaro and other officers. (Gardea Decl., Ex. B., ECF No. 54-5.) Mr. Beardsley lived with Plaintiff but was not home at the time of the Warrant's execution. (Defs. Reply Statement of Undisputed Facts ("DRSUF"), ECF No. 61-1, at ¶¶ 2, 12.) During the course of the Warrant's execution, officers initially announced themselves and, after receiving no response, discharged two non-lethal impact rounds into Plaintiff's home to prompt a response. (*Id.* at ¶¶ 8, 18.) Officers eventually encountered Plaintiff, removed her from her home, and conducted the search. (*Id.* at ¶ 11.)

The parties do not materially dispute that Plaintiff has failed to engage in discovery, such as failing to provide initial disclosures and respond to Defendants' discovery requests, although Plaintiff claims that health issues prevented her from attending her deposition. (*Id.* at ¶¶ 6-7, 20.) It is unclear whether Plaintiff propounded any discovery herself, and the record does not show that Plaintiff moved to compel any discovery before discovery closed on July 22, 2026. (ECF No. 31.) And yet, as Plaintiff notes and Defendants do not materially dispute, notable evidence is missing from the record—if it exists at all—including the body-worn camera footage or any contemporaneous audio recording during the execution of the Warrant. (DRSUF at ¶¶ 16-17.)

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing "must establish beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a)–(b).

On issues where the moving party does not have the burden of proof at trial, the moving party is required to show that no evidence supports the nonmoving party's case. *Celotex Corp. v Catrett*, 477 U.S. 317, 325 (1986). To defeat a summary judgment motion, the nonmoving party may not merely rely on his pleadings or on conclusory statements. *Id.* at 324. Nor may the nonmoving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, the nonmoving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. When evaluating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03063-RGK-AS | Date | 9/18/2026 |
|---|---|---|---|
| Title | ***Regina Agnes Beardsley v. County of San Bernardino et al*** | | |

evidence at the summary judgment stage, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157 (1970)).

## IV. DISCUSSION

Defendants move for summary judgment on all of Plaintiff's ten claims, arguing that Plaintiff has failed to engage in any discovery and thus cannot produce any evidence to support any of her claims. Plaintiff opposes the Motion and makes three arguments: (1) Defendants failed to produce sufficient evidence to prevail at summary judgment; (2) Plaintiff's sworn declaration creates a genuine dispute of material fact; and (3) the Court should defer summary judgment pursuant to Federal Rule of Civil Procedure 56(d) or draw an adverse inference against Defendants. The Court disagrees with Plaintiff and addresses each argument in turn.

### A. Defendants' Burden on Summary Judgment

Plaintiff faults Defendants for failing to produce evidence (such as the body-worn camera footage) necessary to *disprove* Plaintiff's claims or otherwise controvert Defendants' evidence. Plaintiff misunderstands the summary judgment standard. It is well established that Defendants do "not need to produce any evidence or prove the absence of a genuine issue of material fact." *Clasby v. Ivanovic*, 2019 WL 8065862, at *4 (C.D. Cal. Dec. 2, 2019) (citing *Celotex Corp.*, 477 U.S. at 325). Instead, Defendants' initial burden as the moving party "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 323. Plaintiff, even as the nonmoving party, bears the burden of proving her claim and must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Id.* at 324.

Here, Defendants "point out," as their burden at summary judgment requires, that Plaintiff has failed to engage in any discovery and thus cannot produce any evidence that Defendants' conduct violated any federal or state laws. Defendants have thus met their burden under *Celotex Corp*. And although Defendants need not produce evidence affirmatively disproving Plaintiff's claims, Defendants have produced a copy of the Warrant and Defendant Alfaro's report demonstrating that officers removed Plaintiff from her home to conduct a search pursuant to and within the lawful bounds of the valid Warrant.[2] Defendants did not—nor were they required to—volunteer evidence that would defeat their own Motion or prove their own liability. That burden rests with Plaintiff, which the Court considers next.

[2] Plaintiff did not produce any evidence challenging the presumptive validity of the Warrant. *See United States v. Leiva-Leiva*, 2026 WL 1725728, at *2 (E.D. Cal. June 15, 2026) ("A search performed pursuant to a warrant is presumed reasonable, and the burden is on the [challenging party] to establish the warrant's invalidity.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03063-RGK-AS | Date | 9/18/2026 |
| Title | ***Regina Agnes Beardsley v. County of San Bernardino et al*** | | |

**B. <u>Plaintiff's Evidence</u>**

Plaintiff relies on two declarations in support of her opposition to the Motion. One of the declarations is from Plaintiff's expert on police practices. (Woolverton Decl., ECF No. 58-4.) The other is Plaintiff's own affidavit, which recites the factual allegations stated within the Complaint. (*Compare* Compl., ECF No. 4, *and* Beardsley Decl., ECF No. 58-3.) Neither of the two declarations suffice to create a genuine issue of material fact as to any of Plaintiff's claims.

First, the declaration of Plaintiff's expert provides no more than a list of various evidence that Defendants have allegedly failed to produce (*e.g.*, body-worn camera footage and audio, dispatcher and medical records, and other documentation). Plaintiff argues that *the absence* of evidence itself creates a genuine issue of material fact. The Court disagrees. Plaintiff's identification of missing evidence, if anything, supports Defendants' position that Plaintiff has failed to meet *her* burden in producing evidence for *her* claims. *See Celotex Corp.*, 477 U.S. at 324. The proper recourse after a party identifies missing evidence is to propound discovery and then move to compel if the responding party fails to respond. But Plaintiff cannot neglect to conduct discovery, arrive at summary judgment empty-handed, and then rely on that very absence of evidence to establish a genuine dispute.

Second, it is well established that a plaintiff's self-serving affidavit without more is insufficient to create a genuine issue of material fact. *See Wolfe v. Am. States Preferred Ins. Co.*, 2015 WL 11004495, at *4 (C.D. Cal. Nov. 24, 2015) ("[A] party may not avoid summary judgment merely by submitting a sworn affidavit.") (citing *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007)); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). Plaintiff's five-page declaration merely recites allegations made in the Complaint, and Plaintiff's opposition fails to demonstrate how the facts declared in Plaintiff's affidavit specifically support each of Plaintiff's claims. The Court declines to consider Plaintiff's self-serving affidavit and conclusory statements as sufficient to defeat summary judgment.

Accordingly, Defendants' Motion as to each of Plaintiff's claims is **GRANTED**.

**C. <u>Deferral of Summary Judgment Under Rule 56(d)</u>**

Plaintiff requests in the alternative that the Court defer summary judgment pursuant to Rule 56(d), arguing that Defendants failed to produce evidence crucial to Plaintiff's opposition. Plaintiff also argues that the absence of this evidence entitles Plaintiff to an adverse inference against Defendants.

Rule 56(d) provides that a court may defer considering a motion for summary judgment if the nonmovant shows that it cannot present facts essential to its opposition. *See* Fed. R. Civ. P. 56(d). But a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03063-RGK-AS | Date | 9/18/2026 |
| Title | ***Regina Agnes Beardsley v. County of San Bernardino et al*** | | |

Rule 56(d) motion may be denied if the nonmovant did not "diligently pursue[]" their discovery opportunities. *Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015).

Here, Plaintiff has failed to engage in any discovery. Although Plaintiff declares that her medical issues prevented her from attending her deposition, Plaintiff does not dispute that she failed to provide initial disclosures or respond to Defendants' other discovery requests. Nor does Plaintiff allege that her medical issues or some other reason prevented her from pursuing her own discovery. Indeed, Plaintiff complains that Defendants have failed to produce certain evidence, but Plaintiff does not claim that it requested that evidence before discovery cutoff, and the record does not show that Plaintiff ever moved to compel. The Court finds that Plaintiff has failed to diligently pursue discovery and thus denies her request for deferral under Rule 56(d). *See Estate of Daniel Hernandez v. City of Los Angeles*, 2021 WL 4497210, at *1 (C.D. Cal. July 9, 2021) (no deferral because plaintiff failed to demonstrate diligence in discovery and discovery cutoff had passed); *Fields v. Director of CDCR*, 2022 WL 675826, at *19 (E.D. Cal. Mar. 7, 2022) (no deferral because plaintiff did not allege he requested certain records from defendants or move to compel regarding defendants' alleged failure to produce). The Court also declines to draw an adverse inference against Defendants based on Plaintiff's failure to pursue discovery. *See Aguilar v. Cnty. of Orange*, 2008 WL 11411871, at *4 (C.D. Cal. Jan. 28, 2008) (declining to draw adverse inference against defendants "from the mere fact that they have failed to volunteer certain information" crucial to plaintiff's claims).

Accordingly, Plaintiff's request for deferral under Rule 56(d) or an adverse inference against Defendants is **DENIED**.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

The parties' pending motions in limine (ECF Nos. 68-71, 73-75) are **DENIED** as moot. All remaining trial dates are vacated.

Defendants shall file a proposed judgment consistent with this Order within **seven (7) days** of this Order's issuance.

**

**IT IS SO ORDERED.**

____________ : ____________

Initials of Preparer JRE