Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 600-8584
Email: mike@wex.law

Attorneys for Plaintiff, REGINA BEARDSLEY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BEARDSLEY,<br><br>PLAINTIFF,<br>v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT; DETECTIVE A. ALFARO; DEPUTY C. BRANDT; and DOES 1-10;<br><br>DEFENDANTS. | CASE NO.: 5:25-cv-03063-RGK-AS<br><br>Plaintiff's Notice of Motion and Motion to Alter or Amend the Judgment [Fed. R. Civ. P. 59(e)]; Declarations; [Proposed] Order<br><br>Date: December 7, 2026<br>Time: 9:00 am<br>Courtroom: 850<br><br>Hon. R. Gary Klausner |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 7, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the United States District Court for the Central District of California, Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, before the Honorable R. Gary Klausner, Plaintiff Regina Agnes Beardsley will and hereby does move the Court, pursuant to Federal Rule of Civil



MICHAEL DEVEREUX, ESQ.

Procedure 59(e), for an order altering or amending the Judgment entered September 29, 2026 (ECF No. 87).

By this Motion, Plaintiff seeks an order: (1) vacating the Judgment entered September 29, 2026 (ECF No. 87), and the Order granting Defendants' Motion for Summary Judgment entered September 21, 2026 (ECF No. 85); and (2) either denying Defendants' Motion for Summary Judgment or deferring a ruling on it under Federal Rule of Civil Procedure 56(d) to permit limited discovery — specifically, the body-worn camera system's access and deletion audit logs for May 17, 2024, the associated upload and categorization records, and the SED Command Vault audio recordings and photographs of the May 17, 2024 operation referenced in Defendants' reports.

This Motion is made on the ground that the Judgment rests on clear error and works a manifest injustice. The Court granted summary judgment on the procedural premise that Plaintiff had failed to engage in discovery and therefore was not entitled to relief under Rule 56(d). That premise is mistaken: Plaintiff did engage in discovery. She propounded a First Set of Requests for Production that specifically sought the body-worn camera and other objective records of the May 17, 2024 operation, and all Defendants served written responses and produced documents on April 22, 2026 — the very production that revealed the mislabeled Victorville footage on which this Motion turns. A plaintiff who propounded the discovery that



MICHAEL DEVEREUX, ESQ.

sought this evidence cannot be faulted for "failing to engage in discovery," and she cannot be faulted for not moving to compel a recording that Defendants now say never existed.

The error is compounded by the state of the record. The Court entered summary judgment on a record that, as the Court's own Order recognized, lacks the body-worn camera footage and contemporaneous audio of the warrant's execution, and Defendants have since confirmed — through their September 18, 2026 supplemental expert disclosure and their counsel's representation during the parties' conference — that no body-worn camera recording of the May 17, 2024 operation exists or has ever been produced.

///

///

///

///

///

///

///

///

///

///

MICHAEL DEVEREUX, ESQ.

This Motion is made following the conference of counsel required by Local Rule 7-3, which took place on October 26, 2026. It is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael S. Devereux, the Supplemental Declaration of Robert P. Woolverton, the [Proposed] Order lodged herewith, all pleadings and records on file in this action, and such further argument and evidence as may be presented at or before the hearing.

Dated: October 26, 2026

Respectfully submitted,

/s/ Michael S. Devereux
Michael S. Devereux
Attorney for Plaintiff
Regina Agnes Beardsley

MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

# TABLE OF CONTENTS

I. Preliminary Statement .......... 7

II. Background .......... 9

III. Argument .......... 13

A. Rule 59(e) Permits the Court to Alter or Amend the Judgment to Correct Clear Error, Prevent Manifest Injustice, or Account for Newly Available Evidence. .......... 13

B. The Judgment Rests on Clear Error: It Faults Plaintiff for Not Pursuing Discovery She In Fact Pursued and for Not Compelling Evidence Defendants Now Concede Never Existed. .......... 14

C. Defendants Now Concede That No Body-Worn Camera Recording of the Raid Exists, Confirming That Judgment Was Entered on an Incomplete Record and Warranting the Limited Reopening Rule 56(d) Contemplates. .......... 17

IV. Conclusion .......... 20

MICHAEL DEVEREUX, ESQ.

# TABLE OF AUTHORITIES

## CASES

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011)................13, 15, 16, 18

*Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015)............16

*Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, (9th Cir. 2000) ...............13, 20

## RULES

Fed. R. Civ. P. 56(d) ..........................................................................................19

Fed. R. Civ. P. 59(e) ......................................................................................13, 15

MICHAEL DEVEREUX, ESQ.

## I. PRELIMINARY STATEMENT

This case arises from a May 17, 2024 SWAT search-warrant service at the Hesperia home of plaintiff Regina Agnes Beardsley, a 79-year-old woman, during which deputies fired 40mm impact rounds through her front window and detained her for hours. The reasonableness of that conduct turns on the objective record of the raid — above all the body-worn camera footage that Department policy required every participating deputy to create. The Court granted summary judgment for Defendants, yet the Court's own Order recognized that the body-worn camera footage and any contemporaneous audio recording of the warrant's execution are missing from the record, "if it exists at all."

Plaintiff had asked the Court to defer or deny summary judgment under Federal Rule of Civil Procedure 56(d) precisely because that evidence was absent and within Defendants' exclusive control. The Court granted the motion on the procedural ground that Plaintiff had not pursued discovery — but Plaintiff had: she propounded requests for production that specifically sought this footage, and Defendants served responses agreeing to produce on April 22, 2026.

Entering judgment on a record the Court itself identified as missing the dispositive objective evidence was clear error and works a manifest injustice.

MICHAEL DEVEREUX, ESQ.

Additionally, what was an inference at the time of the Order is now a documented fact: Defendants' own September 18, 2026 supplemental expert disclosure concedes — and Plaintiff's expert's review of the produced files confirms — that the only "search warrant" body-worn camera videos in Defendants' production record a different warrant service in Victorville three days after the raid. Furthermore, no recording of the May 17 raid exists anywhere in the production.

Department policy required that footage to be made and preserved, and requires that the audit logs showing whether it was created and what became of it be retained permanently; none has been produced. During the Local Rule 7-3 conference, Defendants' counsel represented that no May 17, 2024 body-worn camera recording exists or has ever existed. That representation does not cure the problem — it confirms it.

It establishes that the Court entered judgment on a record in which the single most important objective account of the raid is admittedly absent, and it makes the production of the permanently retained access-and-deletion audit logs all the more pressing. For these reasons, Plaintiff respectfully asks the Court to alter or amend the judgment under Rule 59(e) and to afford the limited relief Rule 56(d) contemplates.

MICHAEL DEVEREUX, ESQ.

This motion is made following the conference of counsel required by Local Rule 7-3, which took place on October 26, 2026, by email. The supporting declaration of Michael S. Devereux describing that conference is filed herewith.

To the extent that conference occurred fewer than seven days before this filing, the compressed timing was compelled by Rule 59(e)'s non-extendable 28-day deadline, which the Court may not enlarge. Defendants suffer no prejudice: no hearing has occurred, Defendants retain a full opportunity to oppose, and the issue is procedural, not substantive. Plaintiff respectfully requests that the Court excuse any shortfall in the seven-day period and consider this timely-filed motion on its merits.

## II. BACKGROUND

***The Raid and the Summary Judgment Ruling.*** On May 17, 2024, San Bernardino County Sheriff's deputies executed a search warrant at Plaintiff's residence at 15570 Smoke Tree Street, Hesperia. Defendants' own computer-aided dispatch record establishes the date and time of the operation. (Suppl. Woolverton Decl. ¶ 3.)

On September 21, 2026, the Court entered an Order granting Defendants' motion for summary judgment (ECF No. 85), and on September 29, 2026, the

Court entered Judgment for Defendants, directing that Plaintiff take nothing on her First Amended Complaint. (ECF No. 87.)

***The Court Recognized the Objective Evidence of the Raid Was Missing.*** The Court's Order observed that, as Plaintiff noted and Defendants did not materially dispute, notable evidence is missing from the record, "if it exists at all," including the body-worn camera footage and any contemporaneous audio recording of the warrant's execution. (Suppl. Woolverton Decl. ¶ 11.)

Plaintiff's opposition had asked the Court to deny or defer ruling under Rule 56(d) because that objective evidence — body-worn camera footage, audio, and use-of-force documentation — was within Defendants' exclusive control and had not been produced. (Pl.'s Opp'n to Defs.' Mot. Summ. J., ECF No. 58; Devereux Decl. ISO Opp'n, ECF No. 58-2.)

***The Single "Raid" Clip Is the Wrong Incident.*** The only "Search Warrant" body-worn camera clip provided for Plaintiff's expert's review before the Order (SBC 000189) does not depict the raid. Its Axon timestamp and embedded metadata place it on May 20, 2024; it records Deputy T. Romero, who does not appear on the May 17 roster; a Victorville Police Department unit is on scene; and it shows a measured knock-and-announce with no armored vehicle and no munitions — none of which matches Defendants' reports of the May 17 raid. (Suppl. Woolverton Decl. ¶ 4.)



MICHAEL DEVEREUX, ESQ.

***Defendants' September 18, 2026 Disclosure Confirms No Raid Footage Exists in the Production***. Defendants' supplemental expert disclosure assigned Bates numbers SBC 000185 through 000191 to the seven "BWC video, Search Warrant" entries their earlier disclosure had listed without Bates numbers. In the disclosure's exhibit index, those entries are identified as body-worn-camera video of a May 20, 2024 warrant service at 13715 Hidden Valley Road in Victorville — a different operation three days after the raid — and not one of the seven is identified as the May 17 raid at 15570 Smoke Tree Street, Hesperia. (Defs.' Suppl. Expert Disclosures (served Sept. 18, 2026), Ex. Index Nos. 301–307; Suppl. Woolverton Decl. ¶ 6.)

Plaintiff's expert reviewed all eight produced video files and confirmed that none depicts the May 17 raid, Mrs. Beardsley, or her residence. (Id. ¶¶ 7–9.) Defendants' own expert, whose opinion that Mrs. Beardsley was "safely escorted … without force" rests in part on that footage, thus relied on a recording of a different operation. (Woolverton Rebuttal Statement.)

***Department Policy Required the Raid to Be Recorded and the Audit Logs to Be Kept.*** Manual section 3.142.60, effective August 31, 2023, required every Department member participating in the service of a search warrant to activate a body-worn camera; multiple members participated in the May 17 raid. (Suppl. Woolverton Decl. ¶ 12.) Labeled felony-case recordings are retained for seven



MICHAEL DEVEREUX, ESQ.

years, while unlabeled recordings are automatically deleted after one year. (Id. ¶ 15.)

Plaintiff's 911 call was logged in Defendants' CAD system on May 17, 2024, and her government tort claim was filed on May 14, 2025 — before any automatic-deletion date. (Id. ¶ 17.) The Manual requires that "[r]ecords of logs of access and deletion of BWC recordings shall be retained permanently"; those audit logs would show whether raid footage was created and what became of it, yet none has been produced. (Id. ¶ 18.)

***Defendants Now Represent That No May 17 Footage Exists or Ever Existed.*** During the Local Rule 7-3 conference preceding this motion, Defendants' counsel represented that no body-worn camera recording of the May 17, 2024 operation exists or has ever existed, that discovery has closed, and that Defendants will oppose this motion.

The circumstances of that conference are set out in the accompanying declaration of Michael S. Devereux. Defendants have not, however, produced the access-and-deletion audit logs or the upload and categorization records that Department policy requires be retained permanently and that would independently confirm whether any May 17 recording was created, labeled, accessed, or deleted, and by whom.



MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

## III. ARGUMENT

### A. Rule 59(e) Permits the Court to Alter or Amend the Judgment to Correct Clear Error, Prevent Manifest Injustice, or Account for Newly Available Evidence.

A party may move to alter or amend a judgment no later than 28 days after its entry. Fed. R. Civ. P. 59(e). The Ninth Circuit recognizes four grounds on which such a motion may be granted: to correct manifest errors of law or fact upon which the judgment rests; to present newly discovered or previously unavailable evidence; to prevent manifest injustice; or to reflect an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Relief under Rule 59(e) is an extraordinary remedy, and the motion may not be used to raise arguments or present evidence that could reasonably have been raised earlier in the litigation. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

This motion does not relitigate matters Plaintiff could have raised before. It is directed at the one feature of the record the Court itself flagged — the absence of the objective evidence of the raid — and it relies on Defendants' own disclosure, served September 18, 2026, that places the evidentiary gap beyond dispute.

MICHAEL DEVEREUX, ESQ.

**B. The Judgment Rests on Clear Error: It Faults Plaintiff for Not Pursuing Discovery She In Fact Pursued and for Not Compelling Evidence Defendants Now Concede Never Existed.**

The reasonableness of a Fourth Amendment seizure and use of force is judged on the objective record of what occurred. The Court's Order acknowledged that the body-worn camera footage and any contemporaneous audio of the warrant's execution are missing from the record, "if it exists at all." (Suppl. Woolverton Decl. ¶ 11.) That evidence is not peripheral: Department policy required every participating deputy to record the service, making body-worn camera footage the primary objective account of how the deputies approached the home, deployed 40mm rounds through an occupied window, and removed and detained a 79-year-old resident. (Id. ¶ 12.)

The Court granted summary judgment on procedural, not substantive, grounds. It held that Defendants met their burden by pointing to an asserted absence of Plaintiff's evidence (ECF No. 85 at 3); that Plaintiff's expert declaration did "no more than... list" the missing objective record, and that the "proper recourse after a party identifies missing evidence is to propound discovery and then move to compel" (id. at 4); and that Plaintiff was not entitled to deferral under Rule 56(d) since she had not "diligently pursued" discovery (id. at 5). The Court did not find the May 17 raid reasonable.

MICHAEL DEVEREUX, ESQ.

That procedural premise is mistaken as a matter of record. Plaintiff did engage in discovery: she propounded a First Set of Requests for Production that specifically sought the video and audio recordings and use-of-force records of the May 17 operation, and all five Defendants served written responses on April 22, 2026, agreeing to produce responsive documents subject to the Stipulated Protective Order the Court entered (ECF No. 40).

It was that discovery — propounded and pressed by Plaintiff before the July 22, 2026 cutoff — that produced the mislabeled Victorville footage on which this motion turns. The finding that Plaintiff "failed to engage in any discovery" and never "requested that evidence before discovery cutoff" is thus a clear error of fact, and correcting it is a core function of Rule 59(e). *Allstate Ins. Co.*, 634 F.3d at 1111.

The record also refutes any suggestion that Plaintiff sat idle in the face of her serious cardiac condition. Plaintiff moved to extend the discovery cutoff (ECF No. 50); the Court granted that request only as to the expert-disclosure deadlines and left the fact-discovery cutoff in place (ECF No. 52).

Plaintiff, jointly with Defendants, also repeatedly moved to continue the trial and pretrial schedule to accommodate that medical emergency. Those joint filings were struck four times — not on their merits, but on sealing technicalities under

Local Rule 79-5 (ECF Nos. 42, 44, 46, 48) — and the underlying joint stipulation to continue was then denied for "no good cause shown" (ECF No. 51).

A plaintiff who repeatedly seeks, with her opponent's agreement, the very time needed to complete discovery, only to be turned away on procedural and sealing technicalities, has not "failed to diligently pursue" her discovery opportunities within the meaning of the standard the Court applied. See ECF No. 85 at 5 (citing *Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015)).

The Court further faulted Plaintiff for not moving to compel the footage. But Defendants' September 18, 2026 supplemental disclosure, and their counsel's representation during the Local Rule 7-3 conference that no May 17 recording exists or has ever existed, establish that no motion to compel could ever have produced it.

A plaintiff cannot be faulted for failing to compel production of evidence the defense says never existed; the "recourse" on which the Court denied relief was, in fact, no recourse at all. Entering a take-nothing judgment on the reasonableness of a SWAT raid — where the single objective record of that raid was never created, in violation of the Department's own mandatory body-worn-camera policy, and where Plaintiff is then charged with failing to compel that nonexistent record — is clear error and works a manifest injustice. *Allstate Ins. Co.*, 634 F.3d at 1111.



MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

**C. Defendants Now Concede That No Body-Worn Camera Recording of the Raid Exists, Confirming That Judgment Was Entered on an Incomplete Record and Warranting the Limited Reopening Rule 56(d) Contemplates.**

When the Court ruled, the absence of raid footage was Plaintiff's contention. It is now established by Defendants' own hand. Defendants' September 18, 2026 supplemental disclosure assigned Bates numbers to the seven previously unnumbered "Search Warrant" videos and identified the series as a May 20, 2024 warrant service in Victorville — not the May 17 raid. (Defs.' Suppl. Expert Disclosures (served Sept. 18, 2026), Ex. Index Nos. 301–307; Suppl. Woolverton Decl. ¶ 6.) Plaintiff's expert's review of every produced file confirmed that none depicts the raid. (Id. ¶¶ 7–9.)

In the Local Rule 7-3 conference preceding this motion, Defendants' counsel went further still, representing that no May 17 recording exists or has ever existed. Whether framed as non-production or, on Defendants' own account, non-existence, the result is the same: the Court granted summary judgment on a record that admittedly lacks the primary objective evidence of the raid — evidence Department policy required every participating deputy to create. (Suppl. Woolverton Decl. ¶ 12.) That is properly considered on a Rule 59(e) motion and

underscores that summary judgment issued on an incomplete record. *Allstate Ins. Co.*, 634 F.3d at 1111.

Defendants' position that discovery has closed and nothing has changed misapprehends the motion. As shown above, Plaintiff propounded requests for production that sought this very evidence and obtained Defendants' April 22, 2026 responses and production before the cutoff; the premise that Plaintiff did nothing in discovery is incorrect.

In any event, Rule 59(e) does not require changed circumstances; it asks whether the judgment rests on clear error or works manifest injustice. *Allstate Ins. Co.*, 634 F.3d at 1111. Entering a take-nothing judgment on the reasonableness of a SWAT raid, while the objective record of that raid is — by Defendants' own admission — absent, is precisely such an error.

Defendants' representation that the footage never existed does not close the inquiry; it sharpens it. Department policy mandated that every participating deputy record the service and that the access-and-deletion audit logs be retained permanently. (Suppl. Woolverton Decl. ¶¶ 12, 18.)

If no recording exists, the audit and upload records Defendants have not produced will show whether footage was created and later deleted, or never created in violation of policy — a distinction central to the reasonableness of the operation and to whether judgment on this record can stand.



MICHAEL DEVEREUX, ESQ.

The appropriate remedy follows from the nature of the gap. Rule 56(d) authorizes the court, where a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, to defer considering or deny the motion, or to allow time to take discovery. Fed. R. Civ. P. 56(d).

Plaintiff invoked that rule before judgment, asking the Court to defer or deny summary judgment until the objective evidence within Defendants' control was produced or accounted for. (Pl.'s Opp'n to Defs.' Mot. Summ. J., ECF No. 58; Devereux Decl. ISO Opp'n, ECF No. 58-2.) Given Defendants' representation that no footage exists, the narrow relief Plaintiff now seeks is production of the materials that would test and document that representation: the body-worn camera system's access and deletion audit logs for May 17, 2024, which Department policy requires be retained permanently, together with the associated upload and categorization records, and the SED Command Vault audio and photographs referenced in Defendants' own reports. (Suppl. Woolverton Decl. ¶ 18.)

Since Defendants were on notice of this incident and Plaintiff's claim well before any automatic-deletion date, those permanently-retained records remain available by Defendants' own policy. (Id. ¶¶ 15, 17.) The Court should amend the judgment and permit that limited discovery before the merits are finally resolved. Granting it raises no concern under the rule against presenting what could have been raised earlier: Plaintiff pressed the Rule 56(d) request before judgment, and



MICHAEL DEVEREUX, ESQ.

Defendants' confirming disclosure and conference representation both postdate the opposition. *Kona Enters.*, 229 F.3d at 890.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Regina Agnes Beardsley respectfully requests that the Court grant her Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), vacate the Judgment entered September 29, 2026, and either deny Defendants' motion for summary judgment or defer ruling under Rule 56(d) to permit production of the body-worn camera access-and-deletion audit logs for May 17, 2024, the associated upload and categorization records, and the SED Command Vault audio and photographs of the operation, together with such other relief as the Court deems just and proper.

Dated: October 26, 2026

Respectfully submitted,

/s/ Michael S. Devereux
Michael S. Devereux
Attorney for Plaintiff
Regina Agnes Beardsley

MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiff Regina Agnes Beardsley, certifies that this brief contains 2,909 words, which complies with the word limit of Local Rule 11-6.1 and the Court's Standing Order.

Dated: October 26, 2026

Respectfully submitted,

/s/ Michael S. Devereux
Michael S. Devereux
Attorney for Plaintiff
Regina Agnes Beardsley