Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 600-8584
Email: mike@wex.law

Attorneys for Plaintiff, REGINA BEARDSLEY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BEARDSLEY,<br><br>PLAINTIFF,<br>v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO SHERIFF'S DEPARTMENT; DETECTIVE A. ALFARO; DEPUTY C. BRANDT; and DOES 1-10;<br><br>DEFENDANTS. | CASE NO.: 5:25-cv-03063-RGK-AS<br><br>Counsel's Declaration in Support of Plaintiff's Memorandum of Points and Authorities in Support of Motion to Alter or Amend the Judgment [Fed. R. Civ. P. 59(e)]<br><br>Hon. R. Gary Klausner |

I, Michael S. Devereux, declare as follows:

1. I am an attorney admitted to practice before this Court and counsel of record for Plaintiff Regina Agnes Beardsley in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I make this declaration pursuant to Local Rule 7-3 in support of Plaintiff's Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e).



MICHAEL DEVEREUX, ESQ.

2. **Conference of counsel.** On October 26, 2026, I conferred with Kayleigh Andersen, counsel for Defendants, of Manning & Kass, Ellrod, Ramirez, Trester LLP, by written correspondence in advance of this filing. I had previously requested a conference under Local Rule 7-3 by letter dated October 24, 2026. During the conference, I discussed thoroughly the substance of Plaintiff's contemplated Rule 59(e) motion and sought to determine whether there was any resolution that would eliminate or narrow the need for the motion.

3. **Substance discussed.** I explained that Plaintiff intends to move to alter or amend the Judgment entered September 29, 2026 (ECF No. 87) on the ground that no body-worn camera recording of the May 17, 2024 warrant service has been produced; that the only "Search Warrant" body-worn camera files in Defendants' production depict a different operation in Victorville on May 20, 2024; and that the body-worn camera access-and-deletion audit logs and any May 17 recordings have not been produced. I requested that Defendants produce (a) all May 17, 2024 body-worn camera recordings for every participating member; (b) the body-worn camera system's access and deletion audit logs for May 17, 2024, together with the associated upload and categorization records; and (c) the SED Command Vault audio recordings and photographs referenced in Defendants' reports. I

MICHAEL DEVEREUX, ESQ.

advised that production of those materials, or a definitive accounting of whether any May 17 recording exists and what became of it, could narrow or obviate the need for the motion.

4. **Defendants' position.** Defendants' counsel declined the requested relief and stated that Defendants will oppose the motion. Counsel represented that the parties had already met and conferred regarding the body-worn camera issue on multiple prior occasions; that Plaintiff had been made aware that no body-worn camera recording of the May 17, 2024 operation exists or has ever existed; that discovery has closed; and that judgment has been entered consistent with the Court's ruling on Defendants' motion for summary judgment. Counsel further took the position that nothing has changed since discovery closed or since judgment was entered, and that Defendants would oppose the motion on that basis. Defendants did not agree to produce the access-and-deletion audit logs, the upload and categorization records, or the SED Command Vault audio and photographs. The parties were therefore unable to reach any resolution that would eliminate or narrow the need for this motion, and the motion is accordingly opposed.

5. **Timing.** The Judgment was entered on September 29, 2026. Plaintiff's motion under Rule 59(e) must be filed no later than 28 days after entry of

judgment — October 27, 2026 — a deadline the Court may not extend. See Fed. R. Civ. P. 6(b)(2). Because the conference could not be completed a full seven days before this filing without forfeiting that non-extendable deadline, I initiated the conference at the earliest practicable date, conferred with Defendants' counsel as set forth above, and promptly documented the parties' positions. No party is prejudiced by the compressed schedule: the issues were fully aired, and Defendants have stated their intention to oppose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 27, 2026, at Beverly Hills, California.

______________________________
Michael S. Devereux